**Izabella G. PARIKIAN, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–70240.

INS No. A70–040–031.

United States Court of Appeals,
Ninth Circuit.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Izabella G. Parikian, a native and citizen of Bulgaria, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review for substantial evidence the BIA's determination that Parakian has failed to establish asylum eligibility because she has failed to demonstrate persecution or well-founded fear thereof on account of membership in a particular social group, political opinion, or any other prohibited ground. See Singh v. INS, 134 F.3d 962, 966 (9th Cir.1998). To reverse the BIA's decision we must find that the evidence not only supports a contrary conclusion, but compels it. Id.

We deny Parikian's petition for review because the evidence does not compel the conclusion that her testimony was credible. See INS v. Elias–Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because the evidence does not compel a finding of eligibility for asylum, it necessarily does not compel a finding that Parikian has satisfied the more stringent standard for withholding of deportation. See Singh, 134 F.3d at 971.

We lack jurisdiction to consider Parikian's contention that she is entitled to relief under the "Convention on Torture and Cruelty," because Parikian did not raise this issue before the BIA. See Ortiz v. INS, 179 F.3d 1148, 1152–53 (9th Cir. 1999).

The BIA properly found that Parikian was not qualified for suspension of deportation, because she did not establish seven years of continuous physical presence in the United States prior to issuance of her Order to Show Cause in 1994. See Ram v. INS, 243 F.3d 510, 516–17 (9th Cir.2001).

Parikian's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Parikian's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); Kalaw v. INS, 133 F.3d 1147, 1150–51 (9th Cir.1997).